Tbe opinion of tbe Court was delivered by
Todd, J.
P. S. Wiltz, Public Administrator for the Parish of Orleans, *584 appeals from a judgment rejecting his application to be appointed administrator of tbe succession of Jean Longuefosse.
Longuefosse died in tlie City of New Orleans, whei’e, at tlie time of Iiis death, he had his domicil. He left a widow and minor child, who were then temporarily absent on a visit to their relatives in France. Immediately after his death, tlie maternal uncle of the minor, caused an inventory to be made of tbe succession, and asked that the surviving widow of the deceased be confirmed as natural tutrix, and an under tutor be appointed.
The Public Administrator then made his application to be appointed administrator of the succession. This was opposed, first by Pierre Puissegur, the uncle of the minor mentioned, and subsequently by the widow of the deceased, who prayed for her confirmation as natural tutrix. She was still absent when her opposition was filed, but she alleged her residence in New Orleans, and that her absence therefrom was but temporary, and that there were no debts owing by the succession. She subsequently returned to the City with her minor child, but died after the judgment was rendered sustaining her opposition and confirming her as natural tutrix. After her death Puissegur was appointed tutor to the minor, and has appeared in this Court and asked that the judgment of the lower court he affirmed.
There is no error in that judgment.
Longuefosse, at the time of his death, as stated, had his domicil in the City of New Orleans. This was, therefore, the domicil of his widow and minor child. Their temporary absence did not deprive them of any legal rights as relates to the succession of the deceased, and conferred no right on the Public Administrator touching the administration of that succession.
They were, constructively, present in the State, and were seasonably represented therein. It is not the mere temporary absence of the surviving wife or heirs of the deceased that gives to the Public Administrator the right to administer his succession. The heir in this case, through his tutor, was entitled to he put in the immediate possession of tbe estate of her father.
Judgment affirmed.